UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-155-KSF

UNITED STATES OF AMERICA            PLAINTIFF/RESPONDENT

v.            **OPINION & ORDER**

CHARLES WESLEY COLLINS            DEFENDANT/MOVANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, Charles Wesley Collins, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #107]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo* the Magistrate Judge's Recommended Disposition [DE #124] and Defendant's Objections thereto [DE #131], this Court adopts and incorporates the decision of the Magistrate Judge as the opinion of the Court and denies the motion to vacate.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement with the United States, on November 18, 2010, Collins entered a conditional plea of guilty to one count of knowingly possessing a firearm after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g) [DE ##67, 69]. Specifically, Collins reserved the right to appeal the district court's denial of his motion to suppress all evidence obtained from law enforcement's entry into the home of his financée, including three firearms seized by law enforcement officers [DE #69]. The United States agreed to voluntarily dismiss the remaining counts [DE #83]. On June 20, 2008, the Court sentenced Collins to a term of imprisonment of one year and one day, followed by three

years of supervised release [DE #83]. Collins is currently on supervised release [DE #133].

On January 26, 2011, Collins filed the instant § 2255 motion to correct his sentence [DE #107]. In his motion, Collins contends that his counsel rendered ineffective assistance at the trial level and on appeal.

Reviewing the record and the applicable law, including *Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a showing that counsel's performance was deficient and the defendant suffered prejudice), the Magistrate Judge concluded that none of the grounds set forth by Collins afford him any basis for relief. First, the Magistrate Judge determined that the 1984 judgment rendered by the Whitley Circuit Court clearly qualifies as a conviction for purposes of 18 U.S.C. § 922(g), and that trial counsel was not deficient for failing to raise an argument to the contrary. Additionally, the Magistrate Judge notes that Collins failed to show any prejudice because Collins knowingly, voluntarily, and intelligently chose to plead guilty despite acknowledging that he disagreed with counsel over whether he was a convicted felon. With respect to counsel's failure to raise this issue on appeal, the Magistrate Judge concluded that any appeal of this issue would have been unsuccessful. Thus, counsel was not deficient, and Collins suffered no prejudice.

The Magistrate Judge then considered Collins' claim that his counsel rendered ineffective assistance of counsel by failing to assert his Sixth Amendment right to cross-examine his financée, Tiffany Morefield, who he expected to testify that he gave her the pistol as a gift. Noting that Collins failed to specify at what point in the proceedings he wished to cross-examine Morefield, the Magistrate Judge determined that the testimony that Collins expected to elicit from her was irrelevant to the issue of whether he had possession of the firearm. Thus, Collins' counsel was not deficient in failing to "cross-examine" her on this issue. Even if Collins could show deficient performance, Collins has failed to offer any evidence, other than self-serving speculation, as to how

she would have testified. Moreover, Collins admitted to possessing the semi-automatic pistol at the re-arraignment proceeding [DE #101]. As a result, the Magistrate Judge concluded that Collins failed to show that he suffered prejudice as a result of his counsel's failure to cross-examine Morefield.

Finally, the Magistrate Judge considered Collins' claim that his counsel's ineffective performance affected the outcome of the plea process, resulting in prejudice to him. Concluding that this claim was a conclusory summation of his previous arguments, the Magistrate Judge concluded that Collins failed to show that his counsel was ineffective or that he suffered any prejudice with respect to these arguments. For all of these reasons, the Magistrate Judge recommended that Collins' § 2255 motion be dismissed with prejudice and that a certificate of appealability should not issue.

## III. ANALYSIS

Collins filed objections to the Magistrate Judge's Recommended Disposition on April 9, 2012. [DE #131]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Recommended Disposition to which objection is made. 28 U.S.C. § 636(b)(1)(c). Here, the Court agrees with the Magistrate Judge that Collins' 1984 burglary conviction in the Whitley Circuit Court constitutes a conviction for the purpose of 18 U.S.C.§ 922(g). Collins' counsel was not ineffective for failing to argue otherwise, and Collins suffered no prejudice as a result of his counsel's failure to do so. The Court also agrees with the Magistrate Judge that the putative testimony of Morefield is irrelevant to whether Collins' possessed the pistol, and that his counsel was not deficient in failing to "cross-examine" Morefield. Because Collins has failed to establish that his counsel was deficient, and that his defense was prejudiced by any deficiency, his § 2255 motion fails.

Moreover, Defendant's objections to the Magistrate Judge's Recommended Disposition are

unavailing. Collins' continues to argue that 1984 burglary conviction does not constitute a "conviction" for the purposes of 18 U.S.C. §922(g). However, to the extent that Collins relies on caselaw from the Eighth Circuit, this Court is not bound by those cases. Despite Collins' arguments to the contrary, his 1984 burglary conviction was not expunged, set aside, or discharged. As the Magistrate Judge concluded, the 1984 judgment rendered by the Whitley Circuit Court clearly qualifies as a conviction for purposes of 18 U.S.C. § 922(g). For these reasons, the Magistrate Judge's Recommended Disposition will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to Collins' claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Collins has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered Collins' objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's Recommended Disposition [DE #124] is **ADOPTED** as and for the opinion of the Court;

(2) the Defendant's objections to the Magistrate Judge's Recommended Disposition [DE #131] are **OVERRULED**;

(3) the Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [DE #107] is **DISMISSED WITH PREJUDICE**;

(4) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(5) that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the Defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This April 20, 2012.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge